IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TROY RONCONE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-cv-2526 _____ |
| | § | |
| **UNIVERSITY OF TEXAS** | § | |
| **SOUTHWESTERN MEDICAL SCHOOL,** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Troy Roncone ("Plaintiff" or "Roncone") complaining of Defendant University of Texas Southwestern Medical School ("Defendant", or "UTSW"), and for causes of action respectfully shows the Court as follows:

I.

### Introduction

1.01    Plaintiff would show the Court that Defendant wrongfully fired him for taking time off to care for his common law wife in violation of the Family and Medical Leave Act of 1993. 29 U.S.C. § 2601, *et seq.*

II.

### Parties

2.01    Plaintiff Troy Roncone is an individual who may be contacted in care of the undersigned counsel.  Plaintiff is a resident and citizen of the State of Texas.

2.02    Defendant University of Texas Southwestern Medical School ("UTSW") is a state

agency, or state instrumentality, including a public institution of education, and is an employer as defined in the FMLA (*See*, 29 U.S.C. § 2611, including "public agency" as employers, as defined in 29 U.S.C. § 203(e)(2)(C)(including employees of States or subdivisions of a State) and DOL regulations, including 29 C.F.R. § 825.104 ("Public agencies are covered employers without regard to the number of employees employed"). UTSW may be served with process by serving its President, Dr. Daniel K. Podolsky, at his place of work, 5323 Harry Hines Blvd., Dallas, TX 75390, with copy to the Attorney General's Office.

III.

**Jurisdiction and Venue**

3.01   Pursuant to 28 U.S.C. ' 1331, jurisdiction of this Court is appropriate in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law, namely the Family and Medical Leave Act of 1993. 29 U.S.C. § 2601, *et seq*.

3.02   Defendant UTSW may not assert Eleventh Amendment immunity for violation of the family care provisions of the FMLA, and is subject to an award of damages for violating the Act. *See, Nevada Department of Human Resources v. Hibbs,* 538 U.S. 721 (2003).

3.03   Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. '1391.

IV.

**Factual Allegations**

4.01   Plaintiff began working at UTSW as a facility foreman in or about December 2020.

4.02   Starting in approximately December 2022, Plaintiff's common-law wife began having

stomach pain, resulting in multiple trips to the emergency room and finally gall bladder surgery. Since he needed to take time off to assist her in her recovery, Plaintiff requested FMLA forms from his supervisor, Audirak "Audi" De La Rosa. However, De La Rosa incorrectly advised Plaintiff that he did not qualify for FMLA since his wife and Plaintiff were not "legally" married. Plaintiff relied on the representation of non-coverage in not pursuing FMLA leave, but still needed to take time off to care for his wife. Plaintiff kept in contact with his supervisor, and timely reported all absences.

4.03   The surgery discovered precancerous conditions that necessitated more surgery. Plaintiff's wife was in the hospital this time from April 11, 2023 until April 16, 2023. During that time, Plaintiff exhausted all of his PTO and had to take several days of unpaid leave. He kept De La Rosa apprised of things as he had been told to do.

4.04   On or about April 25, 2023, De La Rosa called Plaintiff into his office for a video chat with HR representative Cathy Payne ("Payne"). They told Plaintiff he would be terminated for unexcused absences. Plaintiff asked if he could apply for FMLA to cover the time, and Cathy informed him that FMLA followed Federal law, not state law, and she encouraged him to appeal his termination. Plaintiff investigated and learned that FMLA does, in fact, cover common-law marriage, so he completed the paperwork on May 1, 2023, and was approved on May 18, retroactively covering his time off to April 11, 2023.

4.05   In spite of the FMLA approval, De La Rosa and Payne told Plaintiff on May 22 that he was still being terminated for absences. Internal appeals that the time off dating to December was protected under the FMLA, or would have been had Defendant not interfered with the exercise of his leave rights by misinforming him of his rights, were unsuccessful, and Plaintiff was terminated on May 26, 2023.

V.

First Count

**FAMILY AND MEDICAL LEAVE ACT OF 1993**

(Against All Defendants)

5.01.   The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein.

5.02   Plaintiff was an eligible employee under the FMLA.  Claimant had worked for Defendant UTSW for at least twelve (12) months and had worked at least 1,250 hours during the twelve (12) months prior to taking protected leave.

5.03   Defendant UTSW was subject to the provisions of the FMLA. UTSW was covered as a public agency as that term is defined under the statute. *See,* 29 U.S.C. § 2611(4)(A)(iii), including "public agency" as employers, as defined in 29 U.S.C. § 203(e)(2)(C)(including employees of States or subdivisions of a State).

5.04   At the time of the discharge, Plaintiff's wife had suffered from one or more "serious health conditions" as defined by the FMLA.  29 U.S.C. ' 2611(11).  In particular, she was suffering from symptoms which persisted for four or more days, and required the care of her physicians for treatment for these conditions. Further, her surgery required an overnight stay in the hospital.

5.05   Defendant interfered with Plaintiff in the exercise of his FMLA rights by failing to inform him of his right to FMLA leave as required under DOL regulations. *See* 29 C.F.R. §825.300(b). Specifically, the FMLA entitled Plaintiff to up to 12 workweeks of leave during any 12-month period … "In order to care for the spouse … of the employee, if such spouse … has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). The FMLA definitions provide: "The term 'spouse' means a husband or wife, as the case may be." 29 U.S.C. § 2611(13).  DOL regulations

entitled to *Chevron* deference clarify:

> *Spouse*, as defined in the statute, means a husband or wife. For purposes of this definition, husband or wife refers to the other person with whom an individual entered into marriage as defined or recognized under state law for purposes of marriage in the State in which the marriage was entered into or, in the case of a marriage entered into outside of any State, if the marriage is valid in the place where entered into and could have been entered into in at least one State. *This definition includes an individual in a* same-sex or *common law marriage that either*:
>
> (1) *Was entered into in a State that recognizes such marriages*; or
>
> (2) If entered into outside of any State, is valid in the place where entered into and could have been entered into in at least one State.

29 C.F.R. § 825.102 (2023)(*emphasis added*).

5.06    Defendants further interfered by dismissing Plaintiff from work following medical leave. The failure to reinstate following leave constitutes both interference with leave, and improper discrimination because of the use of leave.

5.07    As a result of his termination by Defendants, Plaintiff has suffered significant financial loss, and the loss of salary and benefits of his employment, including health insurance for his wife.

5.08    The aforementioned acts were and are a willful violation of the FMLA and entitle Plaintiff to recover damages as provided by 29 U.S.C. '2617, including liquidated damages. Plaintiff further seeks reinstatement to his position or a comparable position with reinstatement of benefits and seniority time.

5.09    As a result of Defendant's actions, Plaintiff has found it necessary to hire the services of the undersigned attorneys, for which Plaintiff seeks further relief.

5.10    Plaintiff reserves the right to sue the individuals who fired him, as supervisors normally have personal liability for violations under the FMLA. *Modica v. Taylor*, 465 F.3d 174 (5th Cir. 2006).

## VI.

## **Jury Trial Demanded**

6.01    Plaintiff hereby demands trial by jury of all claims to which he is entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover the following relief against Defendant.

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits, damages to past and future earnings capacity due to his wrongful termination, and past and future medical expenses for loss of his benefits;

(2) Liquidated damages in an amount to be determined by the trier of fact;

(3) An injunction ordering Plaintiff be reinstated to employment, or alternatively an award of future damages;

(4) Prejudgment and post-judgment interest at the maximum legal rate;

(5) Attorney's fees;

(6) Experts fees;

(7) All costs of court; and

(8) Such other and further relief to which Plaintiff may be justly entitled.

DATE: November 14, 2023.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: /s/ John H. Crouch, IV

JOHN H. CROUCH, IV
State Bar No. 00783906
jhc@kilgorelaw.com

3141 Hood St., Suite 500
Dallas, TX  75219
(214) 379-0811 - Telephone
(214) 379-0844 - Fax

**ATTORNEYS FOR PLAINTIFF
TROY RONCONE**