IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TROY RONCONE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-2526-L** |
| | § | |
| **THE UNIVERSITY OF TEXAS** | § | |
| **SOUTHWESTERN MEDICAL CENTER,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the court is Defendant The University of Texas Southwestern Medical Center's ("Defendant" or "UT Southwestern") Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion") (Doc. 11), filed March 1, 2024. On March 3, 2024, the court referred the Motion to Dismiss to Magistrate Judge David Horan for hearing, if necessary, and to submit to the court proposed findings and recommendations for disposition of the Motion to Dismiss (Doc. 14). The United States Magistrate Judge filed his Findings, Conclusions, and Recommendation ("Report") (Doc. 18) on November 18, 2024, recommending that the court **grant** the Motion and **dismiss** the claims against it **without prejudice**.

No objections have been filed, and the 14-day period to object after service of the Reports has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C). For the reasons stated herein, the court **accepts** the Report.

Magistrate Judge Horan recommends that the court dismiss Plaintiff's claims without prejudice because he does not sufficiently allege the facts necessary to establish an FMLA interference and discrimination claim. Report 7. The magistrate judge held that Mr. Roncone's

Order – Page 1

pleadings do not sufficiently demonstrate that he was entitled to FMLA leave because he fails to allege sufficient facts from which the court may infer that he entered into a common law marriage. Report 10.

A common law marriage exists if the parties can show that: (1) they agreed to be married, (2) lived together as husband and wife, and (3) represented to others that they were married. Report 10 (citing Tex. Fam. Code § 2.401(a)(2); *Burden v. Burden*, 420 S.W.3d 305, 308 (Tex. App.—Texarkana 2013, no pet.)).

First, he determined that there was insufficient evidence to establish that there was an agreement to marry. Report 11. The magistrate judge concluded that Mr. Roncone's claims "that in one particular month, July 2022, he and his common-law spouse agreed to be married is a legal conclusion supported with zero facts." Report 11 (citing Doc. 11 at 11 (internal quotation marks and citation omitted)). Second, Magistrate Judge Horan determined that Plaintiff fails to allege sufficient facts to show that he and his purported spouse lived together. Report 12. He concluded that apart from Plaintiff's statements that he and his purported spouse began living together in July 2022, his pleadings allege no facts for the court to reasonably infer that they lived together as husband and wife. Report 13. Conversely, the magistrate judge determined that as it relates to the third element, representing themselves to others as married, Plaintiff has sufficiently alleged that he represented to others that he was married. Report 14. Despite meeting the third element, the magistrate judge concludes that sufficiently alleging the third element alone is not enough to state an FMLA claim. *Id.*

Further, the magistrate judge determined that Mr. Roncone has not shown that he is protected under the FMLA. Report 15. He concluded that the claims Plaintiff brings pursuant to

**Order – Page 2**

the FMLA fail because he pleads insufficient facts to demonstrate he was entitled to FMLA leave based on common law marriage. Report 16.

As a result of the aforementioned reasons, Magistrate Judge Horan **recommends** that the court grant UT Southwestern's Motion and **dismiss** Plaintiff's claims **without prejudice**. Further, he **recommends** that the court permit Plaintiff 21 days from the date of this order to file a second amended complaint, and if he fails to do so, the court should dismiss this case with prejudice. Report 16.

Having considered the Report, file, and record in this case, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendant's Motion and **dismisses without prejudice** this action. Further, Plaintiff **shall** file an amended pleading to correct the deficiencies herein identified by **December 23, 2024, by 5 p.m.** The failure of Plaintiff to file an amended pleading by this date will result in dismissal with prejudice of this action for failure to state a claim upon which relief can be granted.

**It is so ordered** this 2nd day of December, 2024.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge