IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TROY RONCONE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2526-L-BN |
| | § | |
| THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER, | § § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO AMEND DISPOSITIVE MOTION DEADLINE**

Plaintiff Troy Roncone filed a lawsuit against Defendant University of Texas Southwestern Medical School ("UT Southwestern"). *See* Dkt. No. 1.

The presiding United States district judge referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 26.

Based on the dates proposed in the parties' Joint Status Report [Dkt. No. 49], the Court entered an Initial Scheduling Order under Federal Rule of Civil Procedure 16(b). *See* Dkt. No. 50. The scheduling order, in part, set February 20, 2026 as the deadline to file dispositive motions, *see id.*, ¶ 6, and March 20, 2026 as the deadline to complete discovery, *see id.*, ¶ 4, and explained that that "[t]he deadlines set forth in this order will not be modified except on written motion for good cause shown," *id.*, ¶ 10 (citing FED. R. CIV. P. 16(b)(4)).

UT Southwestern now moves the Court to "extend the dispositive motion

deadline to April 3, 2026, fourteen days after the March 20, 2026 discovery deadline." Dkt. No. 52 at 2.

UT Southwestern argues that, under Federal Rule of Civil Procedure 6(b)(1)(A), this Court "may, for good cause, extend the time for 'an act that may or must be done within a specified time' if a request is made before the original time expires." *Id.* (quoting FED. R. CIV. P. 6(b)(1)(A)).

But Rule 6(b) applies "[w]here a deadline is not governed by a more specific rule." *Devillier v. State of Texas*, No. 3:20-cv-00223, 2023 WL 2744398, at *1 (S.D. Tex. Mar. 31, 2023) (quoting *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021)).

The Initial Scheduling Order in this case set out that Federal Rule of Civil Procedure 16(b)(4)'s good cause standard applies to requests to amend a deadline imposed by the Court under Rule 16(b). *See* Dkt. No. 50, ¶ 2. And, so, the Court will apply the good cause standard of Rule 16(b)(4).

This "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (cleaned up; quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)). The burden rests with the party seeking amendment to show that good cause exists. *See Devillier*, 2023 WL 2744398, at *2.

Courts consider four factors when determining whether good cause to amend exists under Rule 16(b)(4): "(1) the explanation for the failure to timely comply with

the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (cleaned up).

As to the first factor, UT Southwestern explains that it "inadvertently proposed that dispositive motions will be due before the close of discovery" in the Joint Status Report [Dkt. No. 49]. Dkt. No. 52 at 2.

But an "explanation has to be 'adequate,' and an 'adequate' explanation is something more than 'inadvertence.'" *Banks*, 114 F.4th at 372 (emphasis in original; quoting *S&W Enters.*, 315 F.3d at 536). Inadvertence alone "is tantamount to no explanation at all." *S&W Enters.*, 315 F.3d at 536. And the lack of an explanation is "a sufficient reason to affirm the denial of the motion to amend." *Banks*, 114 F.4th at 371.

And UT Southwestern did not explain why the second, third, and fourth factors favor amending the dispositive motion deadline.

And, so, UT Southwestern has not carried their burden to show good cause to modify the scheduling order in this case.

But, under Federal Rule of Civil Procedure 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up; citing FED. R. CIV. P. 54(b)).

And, so, although UT Southwestern has not met their burden, the Court will

consider the remaining three factors of Rule 16(b) to determine whether good cause exists to extend the deadline.

This Court's usual practice is to set discovery deadlines before dispositive motion deadlines. *See* Dkt. No. 52 at 2 (citing the presiding District Judge's Specific Requirement II(A)(4), which requires dispositive motions to be filed within 14 days after discovery closes). Completing discovery first ensures that important facts are not overlooked while considering dispositive motions. And, so, the second factor favors modifying the scheduling order.

Roncone argues that mediating 60 days after the Court's resolution of dispositive motions would place undue burden on the parties. *See* Dkt. No. 53 at 2. But UT Southwestern has not asked the Court to move the January 30, 2026 mediation deadline or to set the dispositive motion deadline before the mediation deadline. The parties can still attempt mediation before filing dispositive motions. And, so, extending the dispositive motion deadline will not prejudice the parties. And the third Rule 16(b) factor favors amending the deadline.

Because there will be no prejudice from extending the deadline, and because no trial date is set in this matter, the Court "need not address the fourth factor beyond observing that it, too, weighs in [UT Southwestern's] favor." *Devillier*, 2023 WL 2744398, at *3.

And, so, the Court finds that good cause exists under Rule 16(b) to amend the dispositive motion deadline. And, pursuant to its authority under Rule 54(d), the Court GRANTS UT Southwestern's motion [Dkt. No. 52]. The parties shall file

dispositive motions no later than **April 3, 2026**. All other deadlines shall remain the same.

    SO ORDERED.

    DATED: October 14, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE